IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVESTER D. HOLMES, | ) | CASE NO. 1:25-CV-01911 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | ORDER |
| PARKER-HANNIFIN CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

I. Introduction

On August 4, 2025, Plaintiff Sylvester Holmes filed a *pro se* lawsuit in Cuyahoga County Court of Common Pleas against his former employer for breach of contract and ERISA violations. ECF Doc. 1. On September 10, 2025, Defendant Parker-Hannifin Corporation removed the case to federal court. *Id.* On September 17, 2025, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF Doc. 5. Plaintiff filed a response in opposition on October 17, 2025 (ECF Doc. 7), and Defendant filed a reply in support of its motion to dismiss on October 31, 2025. ECF Doc. 8. Plaintiff also filed a motion to remand his state-law breach of contract claim on October 10, 2025 (ECF Doc. 6), and Defendant filed a brief in opposition on November 7, 2025. ECF Doc. 9. For the reasons stated below, Defendant's motion to dismiss is GRANTED and Plaintiff's motion to remand is DENIED, as moot.

II. Background

A. Allegations Regarding Plaintiff's Termination

Plaintiff Sylvester D. Holmes ("Plaintiff") began working for Defendant Parker-Hannifin Corporation ("Defendant") as an in-house attorney in October 2016. ECF Doc. 8 at 2. On or

about July 22, 2019, Plaintiff tendered a resignation letter to Defendant so he could "pursue other opportunities." ECF Doc. 7-2 at 2; ECF Doc. 7-1 at ¶¶ 6–7. Prior to Plaintiff's termination, the parties attempted to negotiate the terms of Plaintiff's departure. ECF Doc. 7-1 at ¶ 6. Plaintiff claims that the parties reached a mutual agreement—that Plaintiff would resign so long as Defendant "would negotiate a financial settlement in good faith." *Id.* During these negotiations, Plaintiff claims that Defendant also promised to provide him with a $16,000 severance package in exchange for his resignation. ECF Doc. 7-1 at ¶ 9.

Defendant proposed a set of terms concerning Plaintiff's separation on July 26, 2019 in a "separation agreement and release." ECF Doc. 7-2 at 2–5. Among other terms, the agreement proposed by Defendant set forth a termination date of August 6, 2019 and offered approximately $17,500 worth of company stocks, $9,928.00 for unused vacation time and separation pay of $19,855.00 (six weeks' base salary.) *Id.* The parties, however, never executed the proposed "separation agreement and release." ECF Doc. 7-2 at 5. Instead, Plaintiff resigned and his employment ended on August 4, 2019. ECF Doc. 1-1 at 2.

On July 18, 2022—nearly three years after Plaintiff's final day of employment—Plaintiff emailed Angela Simmons, Associate General Counsel for Parker-Hannifin, to express his concerns regarding the resolution, or lack thereof, between the parties. *Id.* at 6. Plaintiff asserted that Defendant failed to adhere to its $16,000 severance offer and refused to negotiate the terms of vesting in the company's 401(k) retirement plan. *Id.* According to Plaintiff, the Defendant's omissions amounted to a breach of the parties' agreement to negotiate in good faith. ECF Doc. 7-1 at ¶ 14. Plaintiff also accused the Defendant of terminating his employment "for the purpose of interfering" with his recovery of 401(k) retirement benefits. ECF Doc. 7-1 at ¶¶17–18. Plaintiff

2

apparently did nothing further with regard to Parker-Hannifin until he filed the instant lawsuit three years later on August 4, 2025.

### B. Plaintiff's Complaint

Plaintiff's Complaint asserts three claims: 1) breach of contract; 2) failure to honor Plaintiff's deferral election in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"); and 3) violation of ERISA Section 510 (29 U.S.C.§ 1140) in connection with Plaintiff's employment termination.  ECF Doc. 1-1.

### C. Motion to Dismiss

Defendant Parker-Hannifin filed a motion to dismiss on September 17, 2025.  ECF Doc. 5.  Defendant argues that each of Plaintiff's claims should be dismissed for failure to state a claim and for being time-barred under the applicable statutes of limitation. *Id.* First, regarding Plaintiff's breach of contract claim, Defendant argues that the claimed "contract" does not exist. *Id.* at 2. Defendant acknowledges that it agreed to negotiate with the Plaintiff surrounding his separation but denies that the parties' discussions formed a binding contractual agreement. *Id.* Even if the parties' oral "agreement to agree," could be deemed valid and enforceable, Defendant argues that Plaintiff's breach of contract claim is barred by the four-year statute of limitations.[1] *Id.* at 3 (citing *Gozion v. Clev. Sch. of the Arts Bd. of Trs.*, 2024-Ohio-1991, ¶ 17 (8th Dist.)).

Second, Defendant argues that each of Plaintiff's ERISA claims should be dismissed, both as a matter of law and pursuant to the applicable three or four-year statute of limitations governing Counts II and III, respectively.  ECF Doc. 5.  Defendant asserts that Plaintiff failed to allege that the Defendant had a "specific intent" to interfere with the Plaintiff's ability to recover benefits or otherwise exercise the rights to which Plaintiff was entitled.  *Id.* at 5, n. 3.  Defendant

---

[1] The statute of limitation cited in *Gozion* became effective June 16, 2021.  At the time of the alleged oral contract between Holmes and Parker-Hannifin, the applicable statute of limitations was six years.  *Id.*

3

also argues that Plaintiff failed to exhaust his administrative remedies as required under ERISA. *Id.* at 5, n. 4. Finally, Defendant contends that Plaintiff filed the claims "well over three years after Plaintiff's final pay in August 2019." *Id.* at 5. Consequently, Defendant argues that Plaintiff's ERISA claims are time-barred by the applicable statute of limitations. *Id.*

Plaintiff filed a brief in opposition to Defendant's motion to dismiss on October 17, 2025. ECF Doc. 7. Plaintiff contends that the parties formed "a binding preliminary agreement" when Plaintiff "agreed to resign in reliance on Defendant's promise to negotiate a financial settlement in good faith." *Id.* at 3. Plaintiff's asserts that Defendant's separation offer only amounted to a "partial execution" of the parties' original agreement because it did not discuss the terms of his 401(k) retirement benefits. *Id.* This omission, Plaintiff argues, demonstrates the Defendant's "lack of good faith and a suspect intent for failing to respond to Plaintiff's concern" about losing his benefits. *Id.* Plaintiff further contends that he alleged "sufficiently definite terms and conduct" to support the existence of an enforceable agreement between the parties. *Id.*

Plaintiff also argues that the statutes of limitation are not dispositive of his claims. ECF Doc. 7 at 3–4. As to his breach of contract claim, Plaintiff argues the statute was effectively tolled by "continuing representations and post-termination communications" made by the Defendant. *Id.* at 4. However, he does not provide any factual support for such communications, and he has not alleged that any such communications exist. *Id.* at 4. As for his ERISA claims, Plaintiff concedes that a three-year statute of limitation applies but contends it did not accrue until he acquired "actual knowledge of the breach" — that is, when Plaintiff "review[ed] his final pay." *Id.* Plaintiff does not allege a specific date for his final pay, but it would have been due around the time of his resignation in August 2019.

4

On October 31, 2025, Defendant filed a reply brief in support of its motion to dismiss. ECF Doc. 8. In its reply, Defendant denies any binding agreement with Plaintiff. *Id.* at 1–2. Defendant argues that the parties' agreement to negotiate was, at best, an oral "agreement to agree" that lacked any "definite or defined terms" necessary for enforcement. ECF Doc. 5 at 3. Defendant also points out that Plaintiff does not dispute the four-year statute of limitations period for breach of contract claims. ECF Doc. 8 at 2–3. Nor does Plaintiff explain why the Defendant's alleged "continuing representations and post-termination communications" justify the tolling of the four-year period. *Id.*

Defendant also contends that Plaintiff has conceded that a three-year limitations period applies to his ERISA claims. *Id.* at 3. Because Plaintiff filed his complaint on August 4, 2025, *six years* from the date he alleges he was terminated, Defendant asserts that Plaintiff's ERISA claims are time-barred. *Id.* For the reasons stated below, the Court agrees.

### III. Law & Analysis

#### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further

factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

### B. Analysis

#### 1. Breach of Contract

To state a breach of contract claim in Ohio, Plaintiff must prove: "(1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages resulting from the breach." *Clinical Res. Network, LLC v. Medpace, Inc.*, No. 1:23-cv-239, 2024 U.S. Dist. LEXIS 203353, *5 (S.D. Ohio, Nov. 7, 2024) (applying Ohio law). But "agreements to agree are rarely enforceable . . . when the parties intend to leave undefined an essential term subject to further negotiations, no binding contract is formed." *Id.* (citing *Arett v. Gardens Alive Farms LLC*, No. 21-3811, 2022 U.S. App. LEXIS 9249, at *5–6 (6th Cir. April 6, 2022) ("Whether based on a promise or an actual contract, an 'agreement to agree' is enforceable only when the terms are 'sufficiently definite to be specifically enforced.'")); *see also Cent. Jersey Constr. Equip. Sales, LLC v. LBX Co., LLC*, No. 22-5581, 2023 U.S. App. LEXIS 10335, at *20 (6th Cir. Apr. 26, 2023) ("[T]he promise of a generic future agreement with many missing terms is not 'definite enough to be enforced[.]'").

Here, Plaintiff has alleged that the parties had an agreement to agree, but the documents attached to his response in opposition show that the terms of the parties' agreement were never finalized. *See* ECF Doc. 7-2. There is no dispute that a settlement agreement was never signed, and Plaintiff has not alleged a set of circumstances showing that he and Parker-Hannifin had a meeting of the minds. *Id.* Consequently, Plaintiff has failed to allege facts which, if proven, would show the existence of a binding contract with definite, enforceable terms.

Defendant also contends Plaintiff's claim for breach of an oral contract is barred by Ohio's four-year statute of limitations, and Plaintiff has not argued for a shorter statute of limitations period.[2] However, in 2019, Ohio Rev. Code § 2305.07 set forth a six-year statute of limitations for breach of oral contract claims. *See, Gozion,* 2024-Ohio-1991. Nonetheless, Plaintiff has not alleged sufficient facts to show the existence of an enforceable oral agreement with Defendant when he resigned. At most, Plaintiff alleges an agreement to agree with no specific terms. His breach of contract claim must be dismissed for failure to state a claim.

Plaintiff also moved to remand his breach of contract claim to state court for further disposition. However, in the interest of judicial economy, the Court denies his motion. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. §1367(a), and Plaintiff's breach of contract claim clearly lacks merit.

### 2. ERISA Claims

In Count II, Plaintiff alleges that Defendant failed to honor Plaintiff's deferral election, and in Count III he alleges Defendant violated "ERISA 510."[3] Both of these counts attempt to set forth claims under ERISA, and Plaintiff concedes they are governed by a three-year statute of limitation. *See* ECF Doc. 7 at 4. Plaintiff argues that his ERISA claims did not begin accruing until he reviewed his final pay, but he does not provide any specific date for this "review." *Id*. However, he alleges that his employment ended in August 2019, and there is no dispute that he received his last paycheck shortly thereafter. Plaintiff does not claim that he failed to review his paycheck for over three years, so there are no facts supporting his argument that the statute of limitation did not begin to run in August 2019.

---

[2] Plaintiff alleges his employment was terminated on August 4, 2019. ECF Doc. 7-1. His complaint was filed exactly six years later.
[3] It is not necessary for the Court to consider the merits of these claims or whether they were administratively exhausted because they are clearly time-barred.

7

Further, Plaintiff's July 18, 2022 email correspondence to Ms. Simmons shows that he was aware of the terms proposed by Defendant for his separation. ECF Doc. 7-2, at 6. Nonetheless, it took him more than three years to e-mail his concerns regarding the ERISA benefits to Defendant and another three years for him to file suit. He filed his complaint on August 4, 2025—six years after his employment ended. Plaintiff's ERISA claims are clearly barred by the applicable three-year statute of limitations, and the Court must DISMISS them as untimely.

IV. Conclusion

Plaintiff is former in-house counsel for Defendant. As an attorney, he should be aware of the laws applying to claims for breach of contract and ERISA violations, and it is not unfair that those laws be applied to him.

For the reasons stated herein, Defendant's motion to dismiss (ECF Doc. 5) is **GRANTED**. Under Fed. R. Civ. P. 12(b)(6), the Court finds that Plaintiff has failed to allege sufficient facts to state a claim for breach of contract, and his ERISA claims are time-barred under the applicable statutes of limitations. For these reasons, Plaintiff's claims against Defendant are hereby DISMISSED. As all of Plaintiff's claims are hereby dismissed, his motion to remand is also DENIED as moot.

Dated: November 12, 2025         *s/Dan Aaron Polster*
                                 United States District Judge